LARRY W. LEE (State Bar No. 228175)
HOWARD L. MAGEE (State Bar No. 185199)
DANIEL H. CHANG (State Bar No. 183803)
CRAIG S. HUBBLE (State Bar No. 200789)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

SHERRY JUNG (State Bar No. 234406)
**LAW OFFICES OF SHERRY JUNG**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff Stephen Song

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SONG, as an individual and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　　vs.<br><br>KLM GROUP, INC. dba KLM ONSITE SOLUTIONS, a Pennsylvania corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No.:  3:10-CV-03583-SC<br><br>JOINT STIPULATION TO FILE FIRST AMENDED COMPLAINT |

　　　　The parties, by and through their counsel of record, hereby stipulate and agree as follows:

　　　　WHEREAS, on or about June 29, 2010, Plaintiff STEPHEN SONG ("Plaintiff") filed a class action complaint against Defendant KLM GROUP, INC., dba KLM ONSITE SOLUTIONS ("Defendant") in the Superior Court of California, County of Alameda;

1    WHEREAS, on or about August 13, 2010, Defendant filed an Answer to Plaintiff's
2    Complaint ("Answer") in the Superior Court of California, County of Alameda;

3    WHEREAS, on or about August 13, 2010, Defendants removed the instant action to the
4    United States District Court, Northern District;

5    WHEREAS the parties, through their counsel of record, have met and conferred
6    regarding filing of a First Amended Complaint;

7    WHEREAS a copy of Plaintiff's First Amended Complaint is attached hereto as Exhibit
8    "A";

9    IT IS HEREBY STIPULATED by the parties herein, through their counsel of record, as
10    follows:

11    1.    Upon entry of this Stipulation, Plaintiff shall be allowed to file said First
12    Amended Complaint.

13    2.    Upon the filing of the First Amended Complaint, Defendant's Answer to
14    Plaintiff's original Complaint shall be deemed as Defendant's answer to Plaintiff's First
15    Amended Complaint.

16    SO STIPULATED.

17

18    Dated:  August 26, 2010                    DIVERSITY LAW GROUP

19

20                                              By:    _____/s/_____
21                                                     Larry W. Lee, Esq.
                                                       Attorneys for Plaintiff
22

23    Dated:  August 26, 2010                    FARELLA BRAUN & MARTEL, LLP

24

25                                              By:    _____/s/_____
26                                                     Douglas Dexter
                                                       Attorneys for Defendants
27

28



2

**JOINT STIPULATION TO FILE FIRST AMENDED COMPLAINT**

1   I, Larry W. Lee, attest that I have obtained concurrence from Douglas Dexter in the filing

2   of this Stipulation.   See N.D. Cal. General Order 45 § 10(B).

**JOINT STIPULATION TO FILE FIRST AMENDED COMPLAINT**

LARRY W. LEE (State Bar No. 228175)
HOWARD L. MAGEE (State Bar No. 185199)
DANIEL H. CHANG (State Bar No. 183803)
CRAIG S. HUBBLE (State Bar No. 200789)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

SHERRY JUNG (State Bar No. 234406)
**LAW OFFICES OF SHERRY JUNG**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff Stephen Song

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SONG, as an individual and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>          vs.<br><br>KLM GROUP, INC. dba KLM ONSITE SOLUTIONS, a Pennsylvania corporation; and DOES 1 through 20, inclusive,<br><br>                     Defendants. | Case No.: 3:10-CV-03583-SC<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF LABOR CODE § 1197;**<br><br>**(2) FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C. § 206;**<br><br>**(3) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE §§ 510 & 1194;**<br><br>**(4) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C.** |

1

**§ 207;**

**(5) VIOLATION OF LABOR CODE § 226.7;**

**(6) VIOLATION OF LABOR CODE § 226;**

**(7) VIOLATION OF LABOR CODE § 2698 *ET SEQ*;**

**(8) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200 et seq.).**

DEMAND FOR JURY TRIAL

Plaintiff Stephen Song (hereinafter referred to as "Plaintiff"), hereby submits this First Amended Class Action Complaint against Defendant KLM Group, Inc. dba KLM Onsite Solutions and Does 1-20 (hereinafter collectively referred to as "DEFENDANTS") on behalf of themselves and the class of all other similarly situated current and former employees and common law employees of DEFENDANTS, as follows:

## **INTRODUCTION**

1.   This class action is within the Court's jurisdiction under California <u>Labor Code</u> §§ 201-204, 226, 226.7, 510, 1194, 1197, 2698, California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act), and the Fair Labor Standards Act 29 U.S.C. §§ 206 & 207 ("FLSA").

2.   This complaint challenges systemic illegal employment practices resulting in violations of the California <u>Labor Code</u>, <u>Business and Professions Code</u> and the FLSA against employees of DEFENDANTS.

3.   Plaintiff is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in paying all benefits owed to them, failure to pay final wages pursuant to the Labor Code, and failure to keep proper records in violation of the Labor Code.

4.   Plaintiff is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California <u>Labor Code</u>,

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Business and Professions Code, applicable IWC wage orders, and the FLSA by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

**5.**   The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code, and the FLSA.

## JURISDICTION AND VENUE

**6.**   The Court has jurisdiction over the violations of the California Labor Code §§ 201-204, 226, 226.7, 510, 1194, 1197, 2698, California Business and Professions Code § 17200, et seq., (Unfair Practices Act), and the FLSA.

**7.**   Venue is proper because the DEFENDANTS do business in the State of California, they did not list a principle place of business in California with the California Secretary of State, and their principle place of business is in Pennsylvania.

## PARTIES

**8.**   Plaintiff STEPHEN SONG was employed by DEFENDANTS until on or about May 24, 2010.  Plaintiff was a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed to him by California Labor Code §§ 201-204, 226, 226.7, 510, 1194, 1197, 2698, and California Business and Professions Code §17200, et seq., (Unfair Practices Act), and the FLSA.

**9.**   Plaintiff is informed and believes and based thereon alleges Defendants were and are corporations doing business in the State of California with its principal place of business located in Pennsylvania that operate a marketing business.

**10.**   Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 20, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

**11.**   As such, and based upon all the facts and circumstances incident to DEFENDANTS'

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

business in California, DEFENDANTS are subject to California <u>Labor Code</u> §§ 201-204, 226, 226.7, 510, 1194, 1197, 2698, and California <u>Business and Professions Code</u> §17200, et seq., (Unfair Practices Act), and the FLSA.

12.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 20, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believe and based thereon alleges that each of said fictitious DEFENDANTS were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.     At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.     Plaintiff is informed and believe and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

15.     At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.     At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of

the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

**17.    Definition:**  The named individual Plaintiff brings this action on behalf of himself and the class pursuant to California Code of Civil Procedure § 382.  The **Class** consists of the following:  (1) All individuals who worked for DEFENDANTS in the State of California performing marketing and sales services from June 29, 2006 through the present (hereinafter referred to as the "California Class Members"); and (2) All individuals who worked for DEFENDANTS in the United States of America performing marketing and sales services from June 29, 2007 through the present (hereinafter referred to as the "FLSA Class Members").

**18.    Numerosity:**  The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records, including payroll records.  Plaintiff is informed and believes and based thereon alleges that DEFENDANTS (a) failed to pay to Plaintiff and the class all wages, including minimum and overtime wages, earned, (b) failed to provide proper meal breaks pursuant to California law, (c) failed to keep proper records in violation of Labor Code § 226, and (d) engaged in Unfair Business Practices.

**19.    Adequacy of Representation**:  The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above.  Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California and Federal courts.

**20.    **DEFENDANTS uniformly administered a corporate policy, practice of misclassifying Plaintiff and California and FLSA Class Members as "independent contractors"

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

and (a) not paying Plaintiff and the Class all wages, including minimum and overtime wages, earned, (b) failing to provide proper meal breaks pursuant to California law, (c) failing to keep proper records in violation of Labor Code § 226, and (d) engaging in Unfair Business Practices.

21.     Plaintiff is informed and believes and based thereon alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully and intentionally fail to accurately record proper rates of pay, hours worked, net wages, and deductions.

22.     Plaintiff is informed and believes and based thereon alleges DEFENDANTS had a consistent and uniform policy, practice and procedure of willfully failing to comply with Labor Code §§ 201-204, 226, 226.7, 510, 1194, 1197, 2698, and the FLSA.  Plaintiff and other members of the Class did not secret or absent themselves from DEFENDANTS, nor refuse to accept the earned and unpaid wages from DEFENDANTS.  Accordingly, DEFENDANTS are liable for waiting time compensation for the unpaid wages to separated California employees pursuant to California Labor Code § 203.

23.     **Common Question of Law and Fact:**  There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning DEFENDANTS' (a) not paying Plaintiff and the Class all wages, including minimum and overtime wages, earned, (b) failing to provide proper meal breaks pursuant to California law, (c) failing to keep proper records in violation of Labor Code § 226, and (d) engaging in Unfair Business Practices.

24.     **Typicality:**  The claims of Plaintiff are typical of the claims of all members of the class.  Plaintiff is a members of the Class and has suffered the alleged violations of California Labor Code §§ 201-204, 226, 226.7, 510, 1194, 1197, 2698, and the FLSA.

25.     The California Labor Code and the FLSA upon which Plaintiff bases her claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards.  These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

26.     The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee and common law employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

27.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full amount unpaid wages, including interest thereon, applicable penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5, 226, 1194, 1197 and Code of Civil Procedure § 1021.5.

29.     Proof of a common business practice or factual pattern, which the named Plaintiff experienced and are representatives of, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**30.**     The Plaintiff Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by DEFENDANTS.  The Plaintiff Class is commonly entitled to restitution of those funds being improperly withheld by DEFENDANTS. This action is brought for the benefit of the entire Class and will result in the creation of a common fund.

**FIRST CAUSE OF ACTION**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF FOR FAILURE TO**

**TO PAY MINIMUM WAGES)**

**31.**     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though fully set for herein.

**32.**     This cause of action is brought pursuant to Labor Code § 1197, which provides that employees are entitled to minimum wages and compensation for work performed.

**33.**     At all times relevant herein, Defendants were required to compensate Plaintiff and the Class for all hours worked by said individuals.

**34.**     As a pattern and practice, Defendants regularly misclassified their employees as "independent contractors."  Furthermore, Defendants regularly required members of the class to perform work without the payment of minimum wages.  Defendants were aware of such non-payment of wages.

**35.**     As a pattern and practice, Defendants regularly failed to pay Class Members minimum wage compensation for all hours worked.

**36.**     Plaintiff is informed and believes and based thereon alleges that Defendants' regular business custom and practice of requiring Class Members to perform work without the payment of minimum wages, according to the mandates of California law is, and at all times herein mentioned was, in violation of California Labor Code § 1197, and California Industrial Welfare Commission wage order(s).  Defendants' employment policies and practices wrongfully and illegally failed to compensate Class Members for minimum wages earned as required by California law.

**37.**     The conduct of Defendants and their agents and employees as described herein

8

---

was oppressive, fraudulent and malicious, done in conscious disregard of Class Members' rights, and done by managerial employees of Defendants.

38.    Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Class Members minimum wages for all hours worked.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

39.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of wages owing, including interest thereon, penalties, reasonable attorneys fees, and costs of suit.

## SECOND CAUSE OF ACTION

### (AGAINST ALL DEFENDANTS BY PLAINTIFF FOR FAILURE TO TO PAY MINIMUM WAGES)

40.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as though fully set for herein.

41.    This cause of action is brought pursuant to 29 U.S.C. § 206, which provides that employees are entitled to minimum wages and compensation for work performed.

42.    At all times relevant herein, Defendants were required to compensate Plaintiff and the Class for all hours worked by said individuals.

43.    As a pattern and practice, Defendants regularly misclassified their employees as "independent contractors."  Furthermore, Defendants regularly required members of the class to perform work without the payment of minimum wages.  Defendants were aware of such non-payment of wages.

44.    As a pattern and practice, Defendants regularly failed to pay Class Members minimum wage compensation for all hours worked.

45.    Plaintiff is informed and believes and based thereon alleges that Defendants' regular business custom and practice of requiring Class Members to perform work without the payment of minimum wages, according to the mandates of Federal law is, and at all times herein mentioned was, in violation of 29 U.S.C. § 206.  Defendants' employment policies and practices wrongfully and illegally failed to compensate Class Members for minimum wages earned as required by Federal law.

46.    The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and class members' rights, and done by managerial employees of Defendants.

47.    Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Class Members minimum wages for all hours worked.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

48.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of wages owing, including interest thereon, penalties, reasonable attorneys fees, and costs of suit.

### THIRD CAUSE OF ACTION

### (AGAINST ALL DEFENDANTS BY PLAINTIFF FOR FAILURE TO TO PAY OVERTIME WAGES)

49.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48 as though fully set for herein.

50.    This cause of action is brought pursuant to Labor Code §§ 510 & 1194, which provides that employees are entitled to overtime wages and compensation for all overtime hours worked.

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

51.     At all times relevant herein, Defendants were required to compensate Plaintiff and the Class for all overtime hours worked by said individuals.

52.     As a pattern and practice, Defendants regularly misclassified their employees as "independent contractors."  Furthermore, Defendants regularly required members of the class to perform work without the payment of overtime wages.  Defendants were aware of such non-payment of wages.

53.     As a pattern and practice, Defendants regularly failed to pay Class Members overtime wage compensation for all overtime hours worked.

54.     Plaintiff is informed and believes and based thereon alleges that Defendants' regular business custom and practice of requiring Class Members to perform overtime work without the payment of overtime wages, according to the mandates of California law is, and at all times herein mentioned was, in violation of California Labor Code §§ 510 & 1194, and California Industrial Welfare Commission wage order(s).  Defendants' employment policies and practices wrongfully and illegally failed to compensate Class Members for overtime wages earned as required by California law.

55.     The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Class Members' rights, and done by managerial employees of Defendants.

56.     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Class Members overtime wages for all hours worked.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

57.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of wages owing,

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

including interest thereon, penalties, reasonable attorneys fees, and costs of suit.

<u>FOURTH CAUSE OF ACTION</u>

**(AGAINST ALL DEFENDANTS BY PLAINTIFF FOR FAILURE TO**

**TO PAY OVERTIME WAGES)**

**58.**     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 as though fully set for herein.

**59.**     This cause of action is brought pursuant to 29 U.S.C. § 207, which provides that employees are entitled to overtime wages and compensation for overtime work performed.

**60.**     At all times relevant herein, Defendants were required to compensate Plaintiff and the Class for all overtime hours worked by said individuals.

**61.**     As a pattern and practice, Defendants regularly misclassified their employees as "independent contractors."  Furthermore, Defendants regularly required members of the class to perform overtime work without the payment of overtime wages.  Defendants were aware of such non-payment of wages.

**62.**     As a pattern and practice, Defendants regularly failed to pay Class Members overtime wage compensation for all hours worked.

**63.**     Plaintiff is informed and believes and based thereon alleges that Defendants' regular business custom and practice of requiring Class Members to perform work without the payment of overtime wages, according to the mandates of Federal law is, and at all times herein mentioned was, in violation of 29 U.S.C. § 207.  Defendants' employment policies and practices wrongfully and illegally failed to compensate Class Members for overtime wages earned as required by Federal law.

**64.**     The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's and class members' rights, and done by managerial employees of Defendants.

**65.**     Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Class Members overtime wages for all hours worked.  Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide wages due and

owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other Class Members who have separated from employment are entitled to compensation pursuant to <u>Labor Code</u> § 203.

66.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of wages owing, including interest thereon, penalties, reasonable attorneys fees, and costs of suit.

<u>**FIFTH CAUSE OF ACTION**</u>

**(FOR VIOLATIONOF LABOR CODE § 226.7**

**REGARDING MEAL PERIOD WAGES)**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

67.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 as though fully set for herein.

68.     Defendants failed in their affirmative obligation to ensure that all of their employees, including Plaintiff, and other class members, had the opportunity to take and were provided with all proper meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order.  Plaintiff and class members were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their meal breaks.  As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each meal period Plaintiff and the class members missed.

69.     Plaintiff and class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.  Furthermore, Plaintiffs and class members who worked in excess of ten (10) hours per day had a right to take a second 30-minute meal period each day worked in excess of ten (10) hours.

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**70.**      As a pattern and practice, Defendants regularly required employees to work through their meal periods without proper compensation and denied Plaintiff and their employees the right to take proper meal periods as required by law.

**71.**      This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper meal periods is a violation of California law.

**72.**      Plaintiffs are informed and believe and based thereon allege that Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the meal period violations set forth above.  Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide Plaintiff and other class members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**73.**      Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and class members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

## SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226 REGARDING RECORDKEEPING

### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

**74.**      Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73 as though fully set for herein.

**75.**      Defendants failed in their affirmative obligation to keep and provide <u>accurate</u> pay records of Plaintiff and the Class, in violation of Labor Code § 226.

**76.**      For example, as a matter of policy and practice, among the violations of Labor Code § 226, Defendants failed to keep and provide accurate records of Plaintiff's and the class

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

members' rates of pay, net wages earned, daily or weekly pay, deductions, and/or taxes being withheld.

**77.**    As a matter of uniform policy and practice, Defendants failed in their affirmative obligation to keep and provide <u>accurate</u> records regarding the wages earned in pay periods of their California employees.

**78.**    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to <u>Labor Code</u> § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California <u>Labor Code</u> § 226.

**79.**    Defendants' wrongful and illegal conduct in failing to accurately record and provide all information in accordance with <u>Labor Code</u> § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

**SEVENTH CAUSE OF ACTION**

**FOR VIOLATIONS OF <u>CALIFORNIA LABOR CODE § 2698 *ET SEQ*</u>.**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**80.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 79 as though fully set for herein.

**81.**    On or about June 28, 2010, Plaintiff provided written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendant's violation of California Labor Code §§ 201-204, 226, 226.7, 510, 1194, and 1197 pursuant to the California Labor Code § 2699 *et seq*., the Private Attorney General Act ("PAGA").  On August 12, 2010, the LWDA

provided written notice that the LWDA did not intend to investigate Plaintiff's said allegations and therefore allowed Plaintiff to proceed under PAGA against Defendant for said violations.

**82.**    Pursuant to Labor Code § 2699(a), the members of all classes seek recovery of all applicable civil penalties for Defendants' violation of Labor Code §§ 201-204, 226, 226.7, 510, 1194, 1197, and PAGA.

<u>**EIGHTH CAUSE OF ACTION**</u>

**VIOLATIONS OF <u>BUSINESS AND PROFESSIONS CODE</u> § 17200 ET SEQ.**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF)**

**83.**    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 82 as though fully set for herein.

**84.**    Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) not paying Plaintiff and the Class all wages, including minimum and overtime wages, earned, (b) failing to provide proper meal breaks pursuant to California law, and (c) failing to keep proper records in violation of Labor Code § 226.

**85.**    Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

**86.**    Plaintiff seeks, on his own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

**87.**    Plaintiff seeks, on his own behalf, on behalf of other members of the class similarly situated, and on behalf of the general public, an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein.

**88.**    The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

**89.**    Plaintiffs are informed and believe and based thereon allege that at all times

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California <u>Business and Professions Code</u> § 17200 et seq., including those set forth herein above thereby depriving Plaintiff and other members of the general public the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class pray for judgment for themselves and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as the representative of the Classes and/or any subclasses;

3. For an order appointing Counsel for Plaintiff as Class counsel;

4. Upon the First Cause of Action, for damages or penalties pursuant to statute as set forth in California <u>Labor Code</u> § 1197, and for costs and attorney's fees, and for waiting time wages according to proof pursuant to California <u>Labor Code</u> § 203;

5. Upon the Second Cause of Action, for damages or penalties pursuant to statute as set forth in 29 U.S.C. § 206, and for costs and attorney's fees, and for waiting time wages according to proof pursuant to California <u>Labor Code</u> § 203;

6. Upon the Third Cause of Action, for damages or penalties pursuant to statute as set forth in California <u>Labor Code</u> §§ 510 & 1194, and for costs and attorney's fees, and for waiting time wages according to proof pursuant to California <u>Labor Code</u> § 203;

7. Upon the Fourth Cause of Action, for damages or penalties pursuant to statute as set forth in 29 U.S.C. § 207, and for costs and attorney's fees, and for waiting time wages according to proof pursuant to California <u>Labor Code</u> § 203;

8. Upon the Fifth Cause of Action, for damages or penalties pursuant to statute as set forth in California <u>Labor Code</u> § 226.7, and for costs and attorney's fees, and for waiting time wages according to proof pursuant to California <u>Labor Code</u> § 203;

9. Upon the Sixth Cause of Action, for damages or penalties pursuant to statute as set forth

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

in California Labor Code § 226, and for costs and attorney's fees;

10. Upon the Seventh Cause of Action, for consequential damages and penalties according to proof pursuant to California Labor Code §§ 201-204, 226, 226.7, 510, 1194, 1197, and PAGA;

11. Upon the Eighth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq., for an injunction to prohibit Defendants to engage in the unfair business practices complained of herein, for an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

12. On all causes of action for attorneys fees and costs as provided by California Labor Code §§ 218.5, 226, 226.7, 510, 1194, 1197, 2699 and Code of Civil Procedure § 1021.5 and the Fair Labor Standards Act and for such other and further relief the Court may deem just and proper.

Dated:  August 18, 2010                      DIVERSITY LAW GROUP, P.C.


                                             By: _____
                                                 **Larry W. Lee, Esq.**
                                                 **Attorney for Plaintiff and the Class**


### DEMAND FOR JURY TRIAL

Plaintiffs, for themselves and the class, hereby demand a jury trial.


DATED:  August 18, 2010                      DIVERSITY LAW GROUP, P.C.


                                             By: _____
                                                 **Larry W. Lee**
                                                 **Attorney for Plaintiff and the Class**

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**