LARRY W. LEE (State Bar No. 228175)
HOWARD L. MAGEE (State Bar No. 185199)
DANIEL H. CHANG (State Bar No. 183803)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

SHERRY JUNG (State Bar No. 234406)
**LAW OFFICES OF SHERRY JUNG**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff Stephen Song

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SONG, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KLM GROUP, INC. dba KLM ONSITE SOLUTIONS, a Pennsylvania corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 3:10-CV-03583-SC<br><br>**CLASS ACTION**<br><br>NOTICE OF MOTON AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:  June 10, 2011<br>Time:  10:00 a.m.<br>Courtroom:  1 |

1

**TO THE COURT AND ALL INTERESTED PARTIES:**

  **PLEASE TAKE NOTICE THAT** on June10, 2011 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Samuel Conte, United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA, Plaintiff Stephen M. Song, as an individual and as a representative of the Class ("Plaintiff") will and hereby does respectfully move the court for preliminary approval of the proposed class action settlement. Specifically, Plaintiff respectfully requests that the Court (1) grant preliminary approval for the proposed class action settlement; (2) grant conditional certification of the proposed settlement class; (3) authorize the mailing of the proposed notice to the class of the settlement; and (4) schedule a "fairness hearing," i.e., a hearing on the final approval of the settlement.

  Plaintiff makes this motion on the grounds that the proposed settlement is within the range of possible final approval, and notice should, therefore, be provided to the class. This Motion is based upon this Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support thereof, the Declarations of Larry W. Lee and Sherry Jung, any oral argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.

Dated:  May 6, 2011      **DIVERSITY LAW GROUP, P.C.**


        **By:** _____/s/_____

         **Larry W. Lee, Esq.**
         **Attorney for Plaintiff and the Class**

# TABLE OF CONTENTS

**Page**

I.      NATURE OF RELEIF SOUGHT ................................................................. 1

II.     SUMMARY OF THE LITIGATION ............................................................ 1

III.    SUMMARY OF THE SETTLEMENT ......................................................... 4

IV.     THE SETTLEMENT CLEARLY MEETS, AND EXCEEDS, THE
        STANDARDS FOR PRELIMINARY APPROVAL ..................................... 6

        A.     The Settlement Agreement Resulted From
               Arm's-Length Negotiation........................................................... 8

        B.     The Settlement Has No Obvious Deficiencies .......................... 9

V.      CERTIFICATION .................................................................................... 11

        A.     Certification of a Settlement Class is Appropriate ................. 11

VI.     NATURE AND METHOD OF CLASS NOTICE ....................................... 15

VII.    CLAIMS ADMINISTRATION................................................................. 16

VII.    AMOUNT OF ATTORNEY'S FEES REQUEST TO
        BE INCLUDED IN CLASS NOTICE ...................................................... 16

IX.     AMOUNT OF ENHANCEMENT AWARDS REQUEST
        TO BE INCLUDED IN SETTLEMENT NOTICE...................................... 18

X.      CONCLUSION....................................................................................... 19

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)....................................10

*Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) ...................................7

*Cook v. Niedert*, 142 F. 3d 1004, 1016 (7th Cir. 1998) .................................................19

*Gatreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982)............................................7

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ..........................passim

*Harris v. Palm Springs Alpine Estates, Inc.*,
    329 F.2d 909, 913-14 (9th Cir. 1964) ....................................................................12

*In re Heritage Bond Litigation*, 2005 WL 1594403 ........................................................7

*In re Linerboard Antitrust Litig.*, 2004 U.S. Dist. LEXIS 10532,
    at *56 (E.D. PA. June 2, 2004) ...............................................................................19

*In re United Energy Corp. Solar Power Modules
    Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988)........................12

*Joel A. v. Giuliani*, 218 F.3d 132, 138 (2nd Cir. 2000) ...................................................6

*Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) .......................................10

*Lerwill v. Inflight Motion Pictures, Inc.*,
    582 F.2d 507, 512 (9th Cir. 1978).............................................................................13

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234, 1242 (9th Cir. 1998)..........................................................................11

*Mercury Interactive Corp. Secs. Litig. v. Mercury
    Interactive Corp.*, 618 F.3d 988 (9th Cir. 2010)......................................................17

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306, 314 (1950).........................................................................................15

*Nat'l Rural Telecommunication Cooperative v. Directv, Inc.*,
    221 F.R.D. 523, 525-26 (C.D. Cal. 2004)...................................................................8

*Officers for Justice v. Civil Service Com'n of City and County of
    San Francisco*, 688 F.2d 615, 625 (C.D. Cal. 1982) ..........................................7, 8, 11

ii

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009)..........................8, 9

*Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) ...............................................19

*Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987)...................................12

*Williams v. Vukovich*, 720 F.2d 909, 922-923 (6th Cir.1983) .........................................9

**Statutes**

Fed. R. Civ. Proc. 23(a)(1)..............................................................................................12

Fed. R. Civ. Proc. 23(a)(2)..............................................................................................12

Fed. R. Civ. Proc. 23(a)(3)..............................................................................................12

Fed. R. Civ. Proc. 23(a)(4)..............................................................................................13

Fed. R. Civ. Proc. 23(b)(3) .......................................................................................14, 15

Fed.R.Civ.P. Rule 23(c)(2)(B) ........................................................................................15

Fed. R. Civ. Proc. 23(e) ....................................................................................................6

Fed.R.Civ.P. Rule 23(e)(B) .............................................................................................15

Labor Code § 226.7.............................................................................................................1

Labor Code § 512.................................................................................................................1

**Treatises**

2 Newberg on Class Actions §11.24 (4th Ed. & Supp. 2002)....................................9, 16

Manual of Complex Litigation, Fourth, 21,632 (2004) ...............................................7, 8

iii

## I.   NATURE OF RELIEF SOUGHT

By this unopposed motion, Plaintiff Stephen Song ("Plaintiff") seeks this Court's preliminary approval of the class-wide settlement reached between Plaintiff and Defendant KLM Group, Inc. ("Defendant"). The settlement seeks to certify the class of 86 individuals for purposes of settlement, and upon said certification, requires that Defendant pay a total of $55,000.00 to settle all claims alleged in the operative complaint. After payment of fees and costs, the remainder shall be divided amongst the class members depending on the amount they earned while they worked for Defendant. Notably, there will be no reversion to Defendant of any unclaimed funds, but rather, should there be any unclaimed funds, such funds shall be donated in equal portions to 2 scholarship funds. All of these settlement benefits for the class members will be set forth in detail herein.

## II.   SUMMARY OF THE LITIGATION

Defendant *was* in the business of marketing and signing up credit card applications on behalf of various airlines (i.e., Southwest Airlines, United Air, etc...) by setting up marketing booths at different airport locations throughout California (and other states). As its business model, Defendant hired individuals to work at such marketing booths. However, such individuals were hired as "independent contractors" rather than as employees.

Plaintiff was one of the "independent contractors" that was hired by Defendant to work at one of Defendant's marketing booths. Plaintiff alleges that such classification was unlawful as such workers should have been classified as employees. Moreover, Plaintiff alleges that because of such misclassification, he and other similarly situated individuals who worked for Defendant were denied payment of minimum and overtime wages, as well as being required to work through their legally entitled meal breaks in violation of Labor Code §§ 226.7 & 512.

Subsequent to the filing of the current lawsuit, Plaintiff and Defendant agreed to participate in a settlement conference with the Court.  As part of such agreement, Defendant also agreed to provide Plaintiff with a statistically significant sample of the class members' time and payroll data to allow Plaintiff to assess the potential amount of damages for purposes of the settlement conference.

Indeed, Plaintiff was provided with the requested sample, which Plaintiff's counsel reviewed in detail.  As a result of such detailed analysis, Plaintiff was sufficiently prepared to discuss the case and negotiate in good faith at the settlement conference, which was held before the Hon. Laurel Beeler.  While the Parties did not reach a settlement during the initial settlement conference, Judge Beeler held a subsequent settlement conference, which ultimately led to the current settlement.

The terms of the settlement are set forth in the Settlement Agreement entered into by the parties, which has been concurrently filed herewith.  Pursuant to the Settlement, the parties request that the Court enter an order:

(1) preliminarily approving the proposed settlement, and executing the [Proposed] Order Granting Preliminary Approval of Class Action Settlement (filed contemporaneously herewith);

(2) preliminarily certifying the Settlement Class for purposes of settlement only;

(3) directing that the Class be given notice of the pendency of this action and the settlement; and

(4) scheduling a hearing to consider final approval of the settlement, entry of a proposed final judgment, and plaintiffs' counsels' application for an award of attorneys' fees and reimbursement of costs and expenses, as well as an Enhancement Award to the Class Representative.

For purposes of the proposed settlement, the Settlement Class that the Court is being asked to certify is defined as:

Named Plaintiff Stephen Song, and all individuals who worked for Defendant in the State of California performing marketing and sales services from June 29, 2006 through the present and through the date of the preliminary approval.

Defendant has identified 86 individuals who compose of the Class. The parties have agreed on the form and content of all the necessary documents to be provided to Class Members to inform them of the settlement. They are presented herewith for review and approval by the Court. The Notice of Proposed Class Action Settlement and Claim Form of the settlement class - collectively referred to as the "Notice Packet" -- are attached as Exhibits A and B, respectively, to the Settlement Agreement. The parties have further agreed as to the terms and conditions under which notice will be provided, designation of CPT Group, Inc. as claims administrator, the estimated costs of administration, the contingencies or conditions to the settlement's final approval, and other terms that are necessary and customarily provided by such class action settlements.

The proposed settlement was reached after two settlement conferences before the Hon. Laurel Beeler, one of the Northern District's magistrate judges. The proposed settlement easily meets the criteria for preliminary approval which are set forth in the Manual for Complex Litigation, 4th Ed. The settlement is well within the range of what would be fair, reasonable, and adequate in this case, and thus the class requests that the Court take the first step in the approval process granting the requested preliminary approval of the settlement which is sought herein.

1  **III.   SUMMARY OF THE SETTLEMENT**

2      The settlement conferences concluded with the settlement being placed on

3  the record before Judge Beeler.  The parties then moved into the final

4  negotiations of the formal Settlement Agreement now presented to this Court.

5      The litigation and settlement negotiations described above were entirely

6  collegial at all times, while maintaining the non-collusive, adversarial, and at

7  arm's length requirements of all class action settlements.  Given the information

8  provided by Defendant, both sides were fully enabled to assess the merits of the

9  respective positions.  The settlement now presented was crafted in the light of this

10  full exchange of litigation concepts.  The Plaintiff, the class and its counsel, on

11  the one hand, and the Defendant and its counsel, on the other hand, agree that the

12  settlement is fair and equitable to both sides.

13      The terms of the settlement are set forth in the Settlement Agreement, and

14  incorporated herein by reference, include the following principal terms:

15      a.      Defendant will pay a total settlement amount of $55,000.00.  This

16  sum includes payments to be made to claimants, administration costs, awards of

17  attorneys' fees and costs, and an incentive award to the named plaintiff.

18      b.      Each Class Member is entitled to receive his or her share of these

19  allocated funds out of the total fund created, after the payment of costs of

20  administration, attorneys' fee and costs awarded, and incentive awards, under the

21  following very simple formula:

22      After payment of attorneys' fees, costs, class representative enhancement,

23  and administration costs from the gross settlement amount of $55,000.00, the net

24  settlement amount will then be divided up based proportionally upon the amount

25  each Class Member was paid by Defendant for his/her independent contractor

26  services (based on Defendant's tax form 1099 records) as compared to the total

27  amount Defendant paid to all of the class members for their independent

28  contractor services during the class period between June 29, 2006 to the date of

4

NTC OF MTN AND MTN FOR PRELIM APPROVAL OF CLASS
ACTION SETTLEMENT; MEMO OF P'S AND A'S ISO THEREOF
USDC NORTHERN CASE NO. 3:10-CV-03583-SC

preliminary approval.   For example, if Defendant paid a total of $100,000 to all of the Class Members for their independent contractor services during the class period, and if Class Member John Doe was paid $1,000 total by Defendant during the class period for his independent contractor services, then Class Member John Doe would be entitled to 1% ($1000/$100,000) of the net settlement amount.

c.     Defendant will not object to an award of attorneys' fees to plaintiffs' counsel for the work already performed by Class Counsel in this case, and all of the work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining dismissal of the action.  The Parties have agreed that this request will not exceed 33.3% of the settlement fund created for the benefit of the class.  Class Counsel will also seek recovery of their actual litigation costs advanced or incurred in an amount now estimated to be about $2,600.00.

d.     Defendant will not object to an incentive award to the representative plaintiff in an amount up to $2,500.

e.     The Parties have agreed that CPT Group, Inc., will act as the Claims Administrator for settlement purposes.  CPT has represented that the administration expenses in this matter will not exceed $6,500.00.

f.     Any amounts not paid to Class Members shall be donated to two scholarship funds – (1) The John Parker Hanson 1961 Memorial Scholarship Fund at Haverford College and (2) The Raymond Charles Eckert Jr. Memorial Scholarship Fund at Pennsylvania State University.  Under no circumstances will any part of the settlement amount revert back to Defendant.

g.     The parties have agreed on the Notice Packet to be mailed to the Class and which are attached as Exhibits A B to the Settlement Agreement

h.     The class list, provided in computerized form by Defendant to the Claims Administrator, will be updated via the National Change of Address.

i.      The Notice Packet will be mailed by first class mail.

j.      Class Members will have sixty (60) days from the date the Notice Packets are mailed by the Claims Administrator to postmark their Objections, and/or Requests For Exclusion, and the same sixty (60) days to postmark their Claim Form.

k.      The Claims Administrator will mail a follow up notice (a "reminder" post card) to those Class Members who have not affirmatively responded within the first 30 days of the claims period.

l.      The Claims Administrator will perform one skip trace on returned mail and re mail Claim Forms to an updated address (if any) within ten (10) days of receiving notice that a Notice Packet was undeliverable.  It is the intent of the parties that reasonable means be used to locate Class Members.

m.      The Claims Administrator will certify jointly to Class Counsel and Defendant's counsel which claims were timely filed.  The Claims Administrator shall be responsible for calculating the payments owed, and for issuing payment.

n.      Upon final approval of the settlement by the Court, the Settlement Class, comprised of all Class Members to whom mailing has been duly completed or attempted, and who have not submitted a timely and valid Request for Exclusion, shall be held to have agreed to release Defendant from the settled claims, as set forth in the Settlement Agreement.

## IV.   THE SETTLEMENT CLEARLY MEETS, AND EXCEEDS, THE STANDARDS FOR PRELIMINARY APPROVAL

Federal Rule of Civil Procedure 23(e) provides that any compromise of a class action must receive Court approval.  The court has broad discretion to grant such approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2nd Cir. 2000).  In determining whether a proposed settlement should be approved, the

6

Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." (*In re Heritage Bond Litigation*, 2005 WL 1594403, *citing Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).)

Court approval involves a two-step process in which the Court first determines whether the proposed settlement deserves preliminary approval and then, after notice is given to Class Members, whether final approval is warranted. Manual of Complex Litigation, Fourth, 21,632 (2004). *See, Hanlon, supra*, at 1019. ("The court ordinarily holds a preliminary hearing to determine whether there is a likelihood it could approve the settlement, before conducting a full 'fairness hearing'").

At the preliminary approval stage, the Court need only "determine whether the proposed settlement is within the range of possible approval." (*Gatreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).) Ultimately, a class action should be approved if "it is fundamentally fair, adequate and reasonable." *Class Plaintiffs v. Seattle*, 955 F.2d at 1276; *See also Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (C.D. Cal. 1982) ("the court's intrusion on what is otherwise a private consensual agreement negotiated between parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned"). There is a "strong initial presumption that the compromise is fair and reasonable." *Hanlon, supra*, at 1019. Throughout the analysis, it is important to note that courts strongly favor settlement, particularly in complex class actions. *See, e.g., Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

1   Although at this stage of preliminary approval, the Court is not expected to

2   engage in the more rigorous analysis that is required for final approval (*see*

3   Manual for Complex Litigation, Fourth, 22.661 at 438 (2004)), the Court's

4   ultimate fairness determination will include balancing several factors, including

5   some or all of the following:

6   . . . the strength of plaintiffs' case; the risk, expense, complexity and likely

7   duration of further litigation; the risk of maintaining class action status throughout

8   the trial; the amount offered in settlement; the extent of discovery completed, and

9   the stage of the proceedings; the experience and the stage of the proceedings; the

10   experience and views of counsel; the presence of a governmental participant; and

11   the reaction of the Class Members to the proposed settlement. (*Officers for*

12   *Justice, supra*, 688 F. 2d 615, 625.)

13   Not all of the above factors apply to every class action settlement, and one

14   factor alone may prove determinative in finding sufficient grounds for court

15   approval. (*Nat'l Rural Telecommunication Cooperative v. Directv, Inc.*, 221

16   F.R.D. 523, 525-26 (C.D. Cal. 2004).)  District courts have wide discretion in

17   assessing the weight and applicability of each factor.  (*Id.*)

18   **A.   The Settlement Agreement Resulted from Arm's-Length**

19   **Negotiations.**

20   Recently, the Ninth Circuit affirmed its longstanding support of settlements

21   reached through arm's length negotiation by capable opponents.  In *Rodriguez v.*

22   *West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), the Ninth circuit expressly

23   opined that courts should defer to the "private consensual decision of the

24   [settling] parties." *Id.* at 965, *citing Hanlon, supra*, at 1027; and to assuring itself

25   that the settlement, taken as a whole, is fair, reasonable and adequate to all

26   concerned.  Certainly, with the extensive pre-mediation case work-up, and the

27   involvement of the Hon. Laurel Beeler from the Northern District, all of these

28   factors are present here.

The *Rodriguez* court "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and have never prescribed a particular formula by which that outcome must be tested." *Rodriguez, supra*, at 965 (citations omitted). As the Court explained, "In reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlements by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." *Id.* at 965 (citations omitted). *See also, Williams v. Vukovich*, 720 F.2d 909, 922-923 (6th Cir.1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); 2 Newberg on Class Actions §11.24 (4th Ed. & Supp. 2002); Manual For Complex Litigation (Fourth) §30.42.)

The proposed settlement now before this Court is the product of detailed review of the pertinent class members' records, and extensive court involvement through two different settlement conferences. In short, full and complete arm's-length negotiations have occurred. With the benefit of the significant exploration of the facts and law during the prosecution of the case, class counsel were able to fully consider the strengths and weaknesses of their case, and of Defendant's defenses. Lee dec., ¶ 5-6. Considerable time and effort has been put forth to analyze the law as it would apply to the facts of this matter, to brief the same and to argue the same to this Court. The ultimate settlement with a non-reversionary payout of $55,000 reflects such efforts and fully supports the fairness and benefits of the settlement to the class. Lee dec., ¶ 12. Conversely, Defendant has been continuously represented by very capable counsel. Accordingly, by the time the settlement was reached, Defendant was also capable of being fully informed in regard to all aspects of the case.

The parties were able to negotiate a fair settlement, taking into account both the risks and the costs of continued litigation. The negotiations were at all

times conducted professionally and at arm's-length.  The opinion of experienced

counsel, as here, offered in support of the settlement, is entitled to considerable

weight.  "A presumption of fairness, adequacy, and reasonableness may attach to

a class settlement reached in arm's length negotiations between experienced,

capable counsel after meaningful discovery. *See, Kirkorian v. Borelli*, 695 F.

Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to

considerable weight); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal.

1979) (recommendations of plaintiffs' counsel should be given a presumption of

reasonableness).

Plaintiff has also taken into account the uncertainty and risk of the outcome

of further litigation, and the difficulties and delays inherent in such litigation.

Plaintiff is also aware of the burdens of proof necessary to establish liability for

the claims asserted at the anticipated trial in the action, Defendant's defenses

thereto, and the risks of maintaining class certification throughout the case,

including any ultimate post-trial appeals.  The case could literally have continued

on years, inclusive of any potential appeals of the pending trial result.

Based on the foregoing, Plaintiff and the class counsel determined that the

settlement set forth in the Agreement was a fair, adequate and reasonable

settlement, and was in the best interests of Plaintiff and the class. Lee dec., ¶ 12.

In turn, Defendant has also expended substantial amounts of time, energy and

resources in connection with the litigation, and if this settlement is not approved,

it will be compelled to continue to do so.  Defendant has, therefore, agreed to

settle upon the terms set forth in the Settlement Agreement.

**B.     The Settlement Has No Obvious Deficiencies.**

The proposed settlement has no obvious deficiencies.  Under the terms of

the settlement, Defendant has a non-reversionary total of $55,000 to resolve the

settled claims.  The settlement provides no preferential treatment for Plaintiff or

other Class members.  Plaintiff Stephen Song will receive a distribution from the

10

settlement proceeds calculated in the same manner as the distributions to all other Class Members.

There is no precise benchmark for determining whether a settlement is fair. "Ultimately the district court's determination represents "an amalgam of delicate balancing, gross approximations and rough justice." *Officers for Justice, supra*, at 625 (citation omitted). In making its determination, the Court should weigh the benefits that the settlement will realize for the class against the uncertainty of litigation and the possibility that the class members would obtain no relief in the absence of a settlement. *See, Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

Throughout this litigation, the parties have vigorously asserted their respective positions. This settlement represents a substantial recovery for the class, and a well crafted compromise of the divergent positions of the parties, taking into account the rulings issued to date by this Court. The uncertainty of future rulings, from the perspective of both sides, was certainly factored into the negotiations by the parties, and emphasized by Judge Beeler.

The settlement has been reached after considerable negotiation, involving the mediation efforts of a well experienced Judge. Each side evaluated the strengths and weaknesses of their case and independently came to the conclusion that this settlement represents a responsible means of addressing the claims of Plaintiff, and the defenses of Defendant. Given the foregoing, the settling parties now urge this Court to grant preliminary approval.

## V.   CERTIFICATION

### A.   Certification of a Settlement Class is Appropriate

The proposed settlement class meets all the requirements for class certification:

      1.   Numerosity

1    The numerosity requirement is satisfied if the proposed class is "so
2 numerous that joinder of all members is impracticable." Fed. R. Civ. Proc.
3 23(a)(1). Impracticable does not mean impossible, only that it would be difficult
4 or inconvenient to join all members of the class. *See Harris v. Palm Springs*
5 *Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). The class consists of
6 86 total persons. Lee Decl. ¶ 10. Here, numerosity is easily satisfied as the class
7 exceeds 50 persons.

8           2.    Ascertainability
9    For purposes of the Settlement, the Class is ascertainable as it has already
10 been identified based on Defendant's records.

11           3.    Typicality
12    Typicality under Rule 23(a)(3) is satisfied if the representative plaintiff's
13 claims share a common element with the class: i.e., those claims arise from the
14 same course of conduct that gave rise to the claims of other settlement class
15 members. *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec.*
16 *Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988). Plaintiff's claims are typical of
17 those of other Class Members because Plaintiff alleges he has suffered injury
18 from the same specific actions that he alleges harmed other members of the class,
19 specifically Plaintiff was misclassified as an "independent contractor" and as a
20 result of such misclassification, was not paid proper minimum and overtime
21 wages, and was not provided with his legally mandated meal breaks, just like the
22 rest of the Class. The named representative's claims are typical of the class as a
23 whole because they arise from the same factual basis and are based on the same
24 legal theory as those applicable to the Class Members. *See Wehner v. Syntex*
25 *Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

26           4.    Commonality
27    Commonality relates to whether there are "questions of law or fact
28 common to the class." Fed. R. Civ. Proc. 23(a)(2). Commonality is satisfied if

12

there is one issue common to class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Here, Plaintiff contends the common issues include: (1) whether Defendant's policies and practices to classify the Class Members as independent contractors was lawful; (2) whether Defendant's wage payment structure to the Class Members was proper; (3) whether Defendant failed to pay proper minimum and overtime wages to the Class Members; and (4) whether Defendant failed to provide Class Members with proper meal breaks. Although Plaintiff believes there are many additional common issues, there are sufficient common issues described herein to satisfy this requirement.

The class shares common legal and factual issues for the same reasons that Plaintiff's claims are typical. The unlawful policies and practices alleged by Plaintiff are the same ones that apply to all the Class. For example, Defendant's policy to classify its workers as independent contractors is the same policy that Defendant applied to all of the Class Members. Similarly, the wage payment structure that Defendant applied against Plaintiff is the same that applied to all of the Class Members and were applied in the same manner. For such reasons, the claims alleged by Plaintiff are common to all of the Class Members.

5. Adequacy

Adequacy under Rule 23(a)(4) is satisfied if the named plaintiffs have no disabling conflicts of interest with other members of the class and Class Counsel are competent and well qualified to undertake the litigation. *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). No conflict exists between Plaintiff and the members of the class because Plaintiff contends he has been damaged by the same alleged conduct and has the incentive to fairly represent all Class Members' claims to achieve the maximum possible recovery. Plaintiff is fully informed of his duties as class representative and that he assumed a fiduciary obligation to the members of the class and that he surrendered any right to compromise the group action for his own individual gains. Plaintiff has

1  spent considerable efforts in this case, including assisting with the investigation
2  of the facts.  Plaintiff was and remains willing to vigorously prosecute this action
3  to the benefit of the class.

4      Furthermore, Plaintiff is represented by counsel who have extensive
5  experience in complex wage and hour litigation and have protected the interests
6  of the Class Members.  Indeed, Class Counsel carefully reviewed several
7  hundreds of pages of documents in connection with this lawsuit, which included
8  numerous policies and procedures pertaining to Defendant's payroll practices
9  with respect to the putative class members as well as payroll records for a
10 statistically significant sample of the class.  Lee Decl. ¶ 6.  As an example, Class
11 Counsel have consistently protected the interests of the putative class members,
12 as evidenced by the release provided to Defendant as detailed in the Settlement,
13 specifically that the release is focused on the claims alleged in the lawsuit, and
14 does not include anything broader.

15         6.    Questions of Law and Fact Predominate

16     Here, common questions of law or fact predominate over individual
17 questions pursuant to Rule 23(b)(3).  These issues of fact and law raised in this
18 action are common to all members of the classes and predominate in this case.
19 Here, Plaintiff contends that Defendant misclassified its workers as independent
20 contractors, and as a result thereof, failed to pay proper minimum and overtime
21 wages, and failed to provide proper meal breaks.  Based on investigation in this
22 action, Plaintiff believes and asserts that Defendant committed these violations as
23 to Plaintiff in the same manner as to all Class Members.

24         7.    Superiority of Class Action

25     The requirement that a class action is superior to other methods of
26 adjudication under Rule 23(b)(3) is also met.  Courts have recognized that the
27 class action device is superior to other available methods for the fair and efficient

28

1  adjudication of controversies involving large number of employees in wage and
2  hour disputes. *See, e.g. Hanlon*, 150 F.3d at 1022.

3      Thus, the Court should certify the Class as defined herein for settlement
4  purposes only, appoint the named Plaintiff as Class Representative, and appoint
5  Diversity Law Group and the Law Offices of Sherry Jung, as Class Counsel.

6      In the event final approval of the Settlement is not granted, the Parties will
7  occupy the same legal posture that they occupied at the outset of the litigation
8  (e.g., this class certification will be vacated) and be free to assert any claim or
9  defense that they could have asserted at the outset of the litigation, including
10  Defendant's arguments against class certification.

11  **VI.   NATURE AND METHOD OF CLASS NOTICE**

12      "For any class certified under Rule 23(b)(3), the court must direct to Class
13  Members the best notice practicable under the circumstances, including
14  individual notice to all members who can be identified through reasonable effort."
15  (Fed.R.Civ.P. Rule 23(c)(2)(B).)  "The court must direct notice in a reasonable
16  manner to all class members who would be bound by a proposed settlement,
17  voluntary dismissal or compromise."  (Fed.R.Civ.P. Rule 23(e)(B).)  To comport
18  with due process, notice must be "reasonably calculated, under all the
19  circumstances, to apprise interested parties of the pendency of the action and
20  afford them an opportunity to present their objections . . . [I]f with due regard for
21  the practicalities and peculiarities of the case these conditions are reasonably met,
22  the constitutional requirements are satisfied." *Mullane v. Central Hanover Bank*
23  *& Trust Co.*, 339 U.S. 306, 314 (1950).

24      Courts have held that notice mailed to the last known address of
25  identifiable class members satisfies this standard, even if it is possible that some
26  class notices do not reach class members.  As part of the Settlement, Defendant
27  has agreed to provide the last known address and contact information for the
28  Class Members to the Claims Administrator.

The Settlement also provides for a follow-up procedure intended to maximize participation of the Class Members by the use of a reminder postcard. This postcard will be mailed, mid-way through the claims period, to all class members who by that reminder mailing date have not affirmatively acted on the Notice, either by presenting a claim, objecting to the settlement or, by submitting an election to opt out of the class.  This reminder postcard mailing is an unusual procedure, bargained for by class counsel, and intended to increase participation in the settlement to as large a number as possible.  In addition, notice packets returned as undeliverable will be subjected to a further follow up and re-mailing procedure.

With regard to the content of the notice, the proposed version of which is attached to the Settlement Agreement as Exhibit A, it meets all requisite levels for appropriately providing full disclosure and information to the class members. "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." 2 Newberg, Newberg on Class Actions §8.32 at 8-103.

## VII.   CLAIMS ADMINISTRATION

The Parties seek the approval of the appointment of CPT Group, Inc. as the Claims/Class Administrator.  CPT has previously acted as claims administrator in hundreds of wage and hour cases.  CPT has also represented that the cost of printing, mailing and handling of the claims submissions and class member inquiries will not exceed $6,500.00. Lee decl., ¶ 13.  The Parties have agreed that this sum will be paid out of the settlement fund.

## VIII.   AMOUNT OF ATTORNEYS' FEE REQUEST TO BE INCLUDED IN CLASS NOTICE

The Settlement Agreement contemplates that Class Counsel will apply to the Court for an award of fees to be paid from the settlement fund created, in the amount of 33.3% of the agreed maximum of $55,000.00.  Defendant will not

16

1   object to the request.  Thus, in conjunction with the request for Final Approval of

2   this settlement, and in conformance with the timing dictates of the recent Ninth

3   Circuit decision in *Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive*

4   *Corp.*, 618 F.3d 988 (9th Cir. 2010), Class Counsel will seek an award of

5   attorneys' fees equal to $18,333.00.

6       Additionally, Class Counsel will also seek reimbursement of the costs

7   incurred to date, and to be incurred up to the time of final approval, in an amount

8   now estimated to be approximately $2,600.00.  Including any additional costs

9   which may still be incurred, Class Counsel thus request that the Class Settlement

10  Notice advise the class members that counsel will be seeking reimbursement of

11  costs in an amount not to exceed $2,600.00.

12      Returning to the fees to be requested at the final approval hearing, while

13  the primary basis for the fee application will be the percentage of the common

14  fund approach, the fee request herein will also be independently validated and

15  supported by the loadstar approach which has already exceeded the percentage

16  approach.  The extent of the constant litigation effort devoted by Class Counsel in

17  support of this matter reflects that under the loadstar approach, the total fee is also

18  easily supported.  While entitlement to an award of attorneys' fees is a matter left

19  for discussion at the final approval hearing, class counsel briefly notes that, under

20  either the percentage of the fund approach or the loadstar and multiplier

21  methodology, the award that will be sought is appropriate.

22      The requested fee equal to 33.3% of the common fund created for the

23  benefit of the class is well within the accepted range of compensation.  This is the

24  precise type of recovery which should yield a "normal" one third contingent fee

25  in the legal marketplace, had each and every Class Member's action been pursued

26  individually.

27      The award sought herein (either on a common fund basis, or based upon a

28  lodestar) is commensurate with (1) the risk Class Counsel took in litigating this

17

1   action; (2) the substantial time, effort and expense dedicated to the case; (3) the

2   skill and determination they have shown; (4) the results they have achieved

3   throughout the litigation; (5) the value of the settlement they have achieved for

4   Class Members; and (6) the other cases counsel have turned down in order to

5   devote their time and efforts to this matter.  In addition to the efforts of Class

6   Counsel described herein, further details will be provided as part of Plaintiff's

7   anticipated motion for attorneys' fees and costs.

8   　　　The end result is the substantial and beneficial settlement now before the

9   Court.  All along, it was always possible that the case could be lost, or not

10  certified, and that class counsel would end up with all costs and time lost, and

11  nothing paid in return.

12  　　　At the time of final approval, should preliminary approval be granted and

13  Notice be sent out, Class Counsel will detail in a separate motion for approval of

14  fees and costs, yet further information regarding the effort expended.  At this

15  time, however, it is critical to make class members aware of the amount of

16  attorneys' fees being sought, so that they can respond to the request, if they so

17  choose.  For that reason, the proposed Notice clearly sets forth the fact that fees in

18  the amount of 33.3% of the total settlement amount will be sought.  Class

19  Counsel, and the Plaintiff, thus respectfully asks that the Court approve the

20  mailing of the Notice with this request set forth.  Similarly, the costs set forth

21  above, in the approximate amount of $2,600.00, are also requested to be included

22  in the Notice.

23  **IX.    AMOUNT OF ENHANCEMENT AWARDS REQUEST TO BE**

24  　　　　**INCLUDED IN THE SETTLEMENT NOTICE**

25  　　　Stephen Song has been fully involved in the case from the start.

26  Specifically, Mr. Song has provided various documents to Class Counsel.

27  Similarly, Mr. Song reviewed a substantial number of documents produced by

28

1  Defendant.  Finally, Mr. Song was on stand by and made himself available during
2  both of the settlement conferences in the event his assistance was required.
3  By law, class representatives are eligible for incentive payments." (*Staton*
4  *v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).)  "Because a named plaintiff is
5  an essential ingredient of any class action, an incentive award is appropriate if it
6  is necessary to induce an individual to participate in the suit." (*Cook v. Niedert*,
7  142 F. 3d 1004, 1016 (7th Cir. 1998); *see also In re Linerboard Antitrust Litig.*,
8  2004 U.S. Dist. LEXIS 10532, at *56 (E.D. PA. June 2, 2004) (Where "class
9  representatives have conferred benefits on all other class members . . . they
10  deserve to be compensated accordingly.").
11  Accordingly, the proposed Notice gives class members notice that an
12  incentive award of $2,500 will be requested at final approval for the
13  representative plaintiff.  The Court is respectfully requested to approve the
14  inclusion of this amount in the Notice.

**X.   CONCLUSION**

16  Counsel for the parties have reached this settlement following extensive
17  investigation, ongoing case discussions and arm's-length negotiations.  The Court
18  is being asked to permit notice of the terms of the settlement to be sent to the
19  Class and to schedule a final fairness hearing to consider final approval of the
20  settlement and all the attendant rulings thereon.  Plaintiff respectfully requests
21  that the Court grant preliminary approval of the proposed settlement and enter the
22  proposed Preliminary Approval Order submitted herewith, and for such additional
23  relief as this Court should deem proper.

**Dated:  May 6, 2011**                    **DIVERSITY LAW GROUP, P.C.**

By: _____/s/_____
Larry W. Lee, Esq.
Attorney for Plaintiff and the Class