1  LARRY W. LEE (State Bar No. 228175)
2  HOWARD L. MAGEE (State Bar No. 185199)
   DANIEL H. CHANG (State Bar No. 183803)
3  **DIVERSITY LAW GROUP, A Professional Corporation**
4  444 S. Flower Street
   Citigroup Center · Suite 1370
5  Los Angeles, California 90071
6  (213) 488-6555
7  (213) 488-6554 facsimile

8  SHERRY JUNG (State Bar No. 234406)
9  **LAW OFFICES OF SHERRY JUNG**
   444 S. Flower Street
10 Citigroup Center · Suite 1370
11 Los Angeles, California 90071
   (213) 488-6555
12 (213) 488-6554 facsimile

13
14 Attorneys for Plaintiff Stephen Song

15            UNITED STATES DISTRICT COURT
16         FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SONG, as an individual and on behalf of all others similarly situated, | Case No.: 3:10-CV-03583-SC |
| Plaintiffs, | **CLASS ACTION** |
| vs. | [~~PROPOSED~~] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| KLM GROUP, INC. dba KLM ONSITE SOLUTIONS, a Pennsylvania corporation; and DOES 1 through 20, inclusive, | |
| Defendants. | |

On June 10, 2011, the Court heard a motion by Plaintiff Stephen Song ("Plaintiff"), on behalf of himself and all others similarly situated, for preliminary approval of a proposed class action settlement. The Court has considered the Joint Stipulation of Settlement and Release ("Agreement" or "Settlement"), the Notice of Class Action Settlement ("Class Notice"), and the Claim Form, as well as the other papers submitted in connection with the motion, and good cause appearing therefore, the Court now FINDS and ORDERS as follows:

1. All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties and filed with this Court.

2. For settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the following Settlement Class:

> All individuals who worked for Defendant in the State of California as independent contractors performing marketing and sales services from June 29, 2006 to June 10, 2011.

3. The Court conditionally finds that, for the purposes of approving this Settlement only, the proposed Class meets the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, in that: (a) the proposed Class is ascertainable and so numerous (more than 50 persons) that joinder of all members is impracticable; (b) there are questions of law or fact common to the proposed Class regarding whether Defendants had certain policies that violated California wage and hour laws; (c) the claims of Plaintiff are typical of the claims of other members of the proposed Class; (d) Plaintiff and his counsel will fairly and adequately protect the interests of the proposed Class; and (e) there are certain questions of law or fact germane to the Settlement Class and a settlement class action is superior to other available

1

[~~PROPOSED~~] ORDER GRANTING MTN FOR PRELIM
APPROVAL OF CLASS ACTION SETTLEMENT
USDC NORTHERN CASE NO. 3:10-CV-03583-SC

methods for an efficient resolution of this controversy.

4. If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Released Parties, or in this Litigation if the Settlement is not finally approved.

5. The Court appoints, for settlement purposes only, Plaintiff Stephen Song as Class Representative.

6. The Court appoints, for settlement purposes only, the Diversity Law Group, A Professional Corporation; and the Law Office of Sherry Jung as Class Counsel. The Court finds that Plaintiff's counsel collectively have extensive experience and expertise in prosecuting wage and hour class actions.

7. The Court finds on a preliminary basis that the proposed Settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs and the Class Representative's Enhancement) falls within the "range of reasonableness" and therefore grants preliminary approval of the Settlement. Based on a review of the papers submitted by the Parties, the Court finds that the Settlement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of the Hon. Laurel Beeler in the settlement process supports the Court's conclusion that the Settlement is non-collusive.

8. The Court finds and concludes that the Class Notice and Claim Form

2

[~~PROPOSED~~] ORDER GRANTING MTN FOR PRELIM
APPROVAL OF CLASS ACTION SETTLEMENT
USDC NORTHERN CASE NO. 3:10-CV-03583-SC

and the procedure set forth in the Agreement for providing notice to the Class will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), adequately advises Class Members of their rights under this Settlement, and therefore meet the requirements of due process.

      a.    <u>Class Notice</u>: The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this Litigation, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about Plaintiff's and Class Counsel's forthcoming applications for the Class Representative Enhancement and the Class Counsel attorneys' fees and costs award; (3) appropriate information about how to claim a share of the proceeds under the Settlement, and about Class Members' right to appear through counsel if they desire; (4) appropriate information about how to object to the Settlement or submit an Opt-Out Request, if a Class Member wishes to do so; and (5) appropriate instructions as to how to obtain additional information regarding this Litigation and the Settlement.  The proposed plan for mailing the Class Notice and the Claim Form by first class mail to the Class Members' last known addresses is an appropriate method, reasonably designed to reach all individuals who would be bound by the Settlement.  The Administrator will distribute the Class Notice and the Claim Form to all Class Members by first class mail to their last known addresses, after seeking updated addresses from the U.S. Postal Service for the Class Members who are former employees.  If the Class Notices are returned as undeliverable, the Administrator will make reasonable efforts to obtain updated addresses through a skip tracing process.  There is no alternative method of distribution that would be practical and reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.  The proposed Class Notice and notice plan are the best practicable notice under the

3

[~~PROPOSED~~] ORDER GRANTING MTN FOR PRELIM
APPROVAL OF CLASS ACTION SETTLEMENT
USDC NORTHERN CASE NO. 3:10-CV-03583-SC

facts and circumstances of this case.

   b. <u>Claim Form</u>: The proposed Claim Form allows Class Members a full and fair opportunity to submit a claim for proceeds under the Settlement. The Claim Form fairly, accurately, and reasonably informs Class Members that the failure to complete and submit a Claim Form, in the manner and time specified, will constitute a waiver of any right to obtain any share of the proceeds under the Settlement.

 9. The Class Notice and Claim Form and the manner of distributing the Class Notice and Claim Form to the Class are approved.

 10. The Parties are ordered to carry out and proceed with the Settlement according to the terms of the Settlement.

 11. The Court appoints CPT Gropup, Inc. as the Administrator. Promptly following the entry of this order, the Administrator will prepare final versions of the Class Notice and Claim Form, incorporating into them the relevant dates and deadlines set forth in this order.

 12. Within fifteen (15) calendar days after the entry of the Preliminary Approval Order, Defendant shall provide the Administrator with a list of each Class Member, setting forth in separate columns in Excel format, or some other format mutually agreed upon by Defendant and the Administrator, (i) the name, Social Security Number and last known mailing address of the Class Member, and (ii) the amount of pay earned by each Class Member as part of their independent contractor services with Defendant. The Administrator shall maintain this information as private and confidential and shall not disclose such data to any persons or entities other than Defendant, or Plaintiff's counsel to the extent such information is needed to respond to any inquiry from a Class Member or a disputed claim.

 13. Within thirty (30) calendar days after the entry of the Preliminary

Approval Order, the Administrator, after conducting a search using the U.S. Postal Service National Change of Address database to validate or update the addresses of the former employee Class Members, shall send the Class Notice and Claim Form to all Class Members via first class U.S. Mail.

14. The Administrator is directed to mail the Class Notice and Claim Form in the manner provided in the Agreement and take all other actions in furtherance of claims administration as specified in the Agreement.

15. Class Members who wish to receive a Claim Amount must complete and return a timely Claim Form to the Administrator in the manner provided in the Agreement. The Claims Period Deadline for submitting a Claim Form is sixty (60) calendar days after the Class Notices and Claim Forms are mailed to the Class Members by the Administrator, as evidenced by the postmark.

16. Class Members who wish to exclude themselves from the Settlement must sign and submit an Opt-Out Request in the manner provided in the Agreement. The deadline for submitting an Opt-Out Request is the Claims Period Deadline. Any member of the Class who requests exclusion from the Settlement will not be entitled to any share of the Settlement and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon. Class Members who fail to submit a valid and timely Opt-Out Request shall be bound by all terms of the Agreement, regardless of whether they otherwise have requested exclusion from the Settlement.

17. Class Members who submit both an Opt-Out Request and a Claim Form shall be sent a cure letter by the Administrator requesting clarification of the Class Member's intent. The letter will state that unless the Class Member clarifies by the Claims Period Deadline that he or she intends to opt out, the Class Member will be deemed to be an Eligible Class Member.

18. A Class Member may dispute any of the information on the Claim

Form by completing the dispute portion of the Claim Form and providing the completed form together with any supporting information or documentation to the Administrator by the Claims Period Deadline. Defendant and Class Counsel shall attempt in good faith to resolve any such dispute. The Administrator shall have the authority, based on information provided by Defendant and information provided by the actual or claimed Class Member, to issue a final non-appealable decision with regard to any dispute that cannot be resolved by Defendant and Class Counsel.

19. Any Class Member who does not Opt-Out but who wishes to object to the Settlement or otherwise to be heard concerning the Agreement may object by filing written objections with the Court and mailing a copy of his or her objections to Class Counsel via first-class mail. To be considered timely, the objections must be filed and mailed no later than the Claims Period Deadline. The objections must include any supporting papers and arguments. Any Class Member who fails to file and serve a timely written objection shall be barred from making any statement objecting to the Settlement, including at said hearing, and shall forever waive his or her objection, except by special permission of the Court. Either of the Parties may file a responsive document to any objection no later than five (5) court days before the Final Approval and Fairness Hearing.

20. The Court will conduct a Final Approval and Fairness Hearing on **March 9, 2012, at 10:00 am** at 450 Golden Gate Ave, San Francisco, California to determine: (1) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court, including consideration of any timely filed objections; (2) the amount of attorneys' fees and costs to award to Class Counsel; and (3) the amount of Enhancement to award to the Class Representative.

21. In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Agreement, this order

shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Agreement.

22. The Parties are ordered to comply with all of the terms as set forth in the Agreement.

DATED: November 15, 2011     _____
                                Hon. Samuel Conti

7

**[PROPOSED]** ORDER GRANTING MTN FOR PRELIM
APPROVAL OF CLASS ACTION SETTLEMENT
USDC NORTHERN CASE NO. 3:10-CV-03583-SC