LARRY W. LEE (State Bar No. 228175)
HOWARD L. MAGEE (State Bar No. 185199)
DANIEL H. CHANG (State Bar No. 183803)
**DIVERSITY LAW GROUP, A Professional Corporation**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

SHERRY JUNG (State Bar No. 234406)
**LAW OFFICES OF SHERRY JUNG**
444 S. Flower Street
Citigroup Center · Suite 1370
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff Stephen Song

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SONG, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>  vs.<br><br>KLM GROUP, INC. dba KLM ONSITE SOLUTIONS, a Pennsylvania corporation; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 3:10-CV-03583-SC<br><br>**[PROPOSED]** **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF CLASS REPRESENTATIVE'S SERVICE PAYMENT, ATTORNEYS' FEES AND LITIGATION COSTS, AND CLAIMS ADMINISTRATOR'S COSTS AND ENTERING FINAL JUDGMENT**<br><br>Date:   March 9, 2012<br>Time:  10:00 a.m.<br>Ctrm.:  1 – 17th Floor |

On March 9, 2012, a hearing was held on the motion of Plaintiff Stephen Song, as an individual and as representative of the Class ("Plaintiff") for final approval of the proposed class action settlement.

On May 6, 2011, Plaintiff and Defendant KLM Group, Inc. dba KLM Onsite Solutions

1  ("Defendants") (collectively with Plaintiff as the "Parties") filed their Joint Stipulation of Settlement
2  and Release (the "Agreement" or "Settlement").
3        On November 15, 2011, the Court issued an Order (1) preliminarily approving the proposed
4  class action settlement, (2) conditionally certifying the settlement class, (3) directing mailing of notice
5  and claim form to the class, and (4) setting the schedule for the final approval process and final
6  approval hearing, which specified the manner in which notice of the proposed Settlement was to be
7  provided to the Settlement Class and scheduled a Final Approval and Fairness Hearing.
8        The Court having read and considered the papers on the motion, the response of the Settlement
9  Class Members to the Notice of Settlement, the arguments of counsel, and the evidence and law, and
10 good cause appearing therefore, the Court hereby grants Plaintiff's Motion in its entirety ("Final
11 Order") and HEREBY FINDS and ORDERS as follows:
12     1.    Except as otherwise specified herein, for purposes of this Final Order, the Court adopts
13 and incorporates by reference all defined terms set forth in the Agreement[1]
14     2.    This Court has jurisdiction over the subject matter of this Action and all parties to the
15 proceeding.  Specifically, this Court has subject matter jurisdiction over this action pursuant to 28
16 U.S.C. §1332.  This Court also has supplemental jurisdiction over the state-law claims asserted by
17 Plaintiff because the state-law claims derive from a common nucleus of operative fact and form part of
18 the same case or controversy as those claims over which the Court has primary jurisdiction.  28 U.S.C.
19 §1367 (providing for supplemental jurisdiction over related state-law claims that "form part of the same
20 case or controversy").
21     3.    The proposed settlement class ("Class"), identified in the Court's November 15, 2011
22 Order granting preliminary approval of this class action settlement ("Preliminary Approval Order") and
23 incorporated herein by reference, satisfies the requirements of a settlement class because the class
24 members are readily ascertainable and a well-defined community of interest exists in the questions of
25 law and fact affecting the parties.
26     4.    Notice to the Class was provided in the manner and form set forth in the Preliminary

---

[1] The initial capitalization of a term indicates its usage as defined in the Agreement.

Approval Order. The Claims Administrator took reasonable steps to provide the Notice of Settlement and Claim Form to Class Members when it learned that the address to which those documents were mailed was no longer accurate.  These documents informed Class Members of the terms of the Settlement, their right to claim a share of the settlement proceeds and the procedure therefore, their right to object to the Settlement or to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding the final approval of the Settlement.  Notice was provided with ample time for the Class Members to follow these procedures.

5.  The Court finds that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  Notice was accomplished in all material respects in the manner prescribed by the Settlement.  The Court finds that the notice provided notice to all persons entitled to such notice in this case, was the best notice practicable, and, therefore, fully satisfied the requirements of due process, such that all absent class members have been given the opportunity to participate fully in the claims exclusion and the approval process.

6.  There were no objections to the Final Approval of this Settlement in response to the notice.

7.  The Court grants final approval of the Settlement between the Parties.  Pursuant to Rule 23(e), the Court finds that the Settlement is fair, just, reasonable, and adequate to the Class when balanced against the probable outcome of extensive and costly litigation.  *Staton v. Boeing*, 327 F.3d 938, 960 (9th Cir. 2003).  Substantial informal discovery, investigation, and research have been conducted such that the Parties' respective counsel at this time are reasonably able to evaluate their respective positions.  It appears to the Court that settlement will avoid substantial additional costs by all parties, as well as the delay and risk that would be presented by further prosecution of this action.  The Court finds that the settlement that has been reached as the result of intensive, non-collusive, arm's-length negotiations, thorough factual and legal investigation, and the good faith exchange of information and documents.  In granting final approval of the Settlement, the Court considered the

nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of the settlement proceeds amount the Class Members, and the fact that the settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the response of the Class to the Settlement supports final approval, as no Class Member objects to the final approval of this Settlement.

8. The Court hereby finds the Settlement Sum to be fair, adequate and reasonable.

9. Payment to those Eligible Class Members who filed valid claims shall be made in accordance with the terms of the Settlement. The Court orders the Parties to implement and comply with the Settlement according to its terms and the Court's orders.

10. As provided in the Settlement, all of the Released Claims of each Class Member who did not timely opt out, are and shall be deemed to be conclusively released as against the Releasees. As of the date of this Final Order, all Class Members who did not timely opt out/request exclusion are bound by this Final Order and Judgment, and the Settlement. Except as to rights or claims that may be created by the Settlement, all Class Members as of the date of this Final Order who did not timely opt out are forever barred and enjoined from commencing or prosecuting any of the claims, either directly representatively, or in any other capacity, that are released by the Settlement against any of the Releasees. This Final Order shall have the force and effect of *res judicata* as to each Class Member who did not timely opt out of the Settlement.

11. The Settlement is not an admission by Defendant nor is this Final Order a finding of the validity of any claim in the lawsuit or any wrongdoing by Defendant. Furthermore, the Settlement will not be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendant, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendant of any liability, fault, wrongdoing, omission, concession or damage; nor (ii) disclosed, referred to or offered in evidence against Defendant, in any further proceeding in the lawsuit, or any other civil, criminal or administrative action or proceeding except for purposes of effecting the Settlement. However, the Settlement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of the Settlement, or to support a

defense by the Releasees of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, and any other applicable defenses.

12. In accordance with the terms of the Settlement, the Released Claims covered by the Settlement shall be and hereby are dismissed on the merits with prejudice on a class-wide basis as to the Representative Plaintiff and all Class Members except those who timely filed requests for exclusion.

13. Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over this Action and the Parties, including all Class Members, to administer, supervise, construe and enforce the Settlement in accordance with its terms for the mutual benefits of the Parties.

14. The Court determines that an award of attorneys' fees to class counsel under the common fund doctrine in the collective amount of $18,333, representing thirty-three and one third percent of the $55,000 Settlement Sum to the Class, is fair, reasonable and appropriate. The Court finds that the contentious nature of the litigation, the degree of difficulty and potential defenses the amount of recovery, and the other reasons set forth in the moving papers, all support this fee award.

15. Counsel for the Class performed work which benefitted the Class and expended substantial time and effort in litigating this matter. Importantly, there were no objections to the requested fee and expense award from any member of the Class.

16. The substantial recovery obtained and the results achieved, along with the risks of the litigation, the skill required, quality of the work, the contingent nature of the fee, the financial burden carried by Class Counsel, and awards made in similar cases, all justify the requested attorneys' fees award.

17. Pursuant to the terms of the Settlement Agreement, the Court further orders that Class Counsel be reimbursed for their litigation expenses in the amount of $2,959.06. This amount represents the actual and reasonable out of pocket costs Class Counsel incurred in this litigation.

18. The Court finds that the named Plaintiff performed his duties and role as the class representative admirably. The Court hereby awards the named Plaintiff, Stephen Song, an incentive and

1  service award of $900, which the Court finds to be fair and reasonable, to be paid in accordance with
2  the Settlement Agreement.
3      19.  In addition, pursuant to the terms of the Settlement Agreement, the Court orders that
4  third party administrator CPT Group, Inc., be awarded $6,500 in connection with the costs incurred in
5  administering the current Settlement.
6      20.  If the Settlement does not become final and effective in accordance with the terms of the
7  Settlement, this Final Order and Judgment and all orders entered in connection herewith shall be
8  vacated and shall have not further force or effect.

10  THEREFORE, the Court, in the interest of justice, there being no reason for delay, expressly
11  directs the Clerk of the Court to enter this Final Order as set forth above.

14  IT IS SO ORDERED

16  Dated ____March 14____, 2012      _____
17                                     Hon.
                                       Judge of the United States District Court